FILED
U.S. District Court
District of Kansas
11/20/2026
Clerk, U.S. District Court
By: MSB Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JHONNY JAVIER LUGO-HARIS,

Petitioner,

v.

Warden, Midwest Regional Reception Center;
Field Office Director, ICE ERO;
Secretary, DHS; and
United States Attorney General,

Respondents.

Case No. 26-3392-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Venezuela, alleges that he entered the United States in 2022, but was released on an order of recognizance; that he was detained on September 22, 2026, and his prior release was revoked; and that he is presently in custody in this judicial district. On October 16, 2026, petitioner filed the instant habeas action; respondents have now filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and

constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

As petitioner makes clear in his traverse, he seeks a review of whether he received constitutionally adequate procedures with respect to a custody determination upon his re-detention. Respondents have confirmed that petitioner is presently detained pursuant to 8 U.S.C. § 1226(a); and this Court has consistently held that the procedures afforded aliens under Section 1226(a) – including the right to a bond hearing in immigration court – satisfy due process. *See, e.g.*, *Catillo Ruiz v. Carter*, 2026 WL 1457252, at *1 (D. Kan. May 22, 2026) (Lungstrum, J.); *Alshwayat v. Warden, Midwest Reg. Reception Center*, 2026 WL 2836487, at *1 (D. Kan. Sept. 22, 2026) (Lungstrum, J.). Petitioner states that he does not claim a categorical right to a pre-deprivation hearing, but that he challenges the adequacy of the procedures applied to him in his particular circumstances, for instance with respect to the timing of those procedures. Petitioner received a custody determination within two days of his detention, however. He also requested a bond hearing in immigration court, which was continued to allow his attorney more time to prepare. Petitioner has not shown that the procedures by which his individual circumstances are considered with respect to his detention violate due process. Accordingly, the Court denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 20th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge